## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Hector L. Rosado,

     Petitioner,

vs.                              Case No. 8:09-cv-02518-EAK-EAJ

Secretary, Department of Corrections,

     Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

     This cause comes before the Court on Petitioner Hector L. Rosado's timely-filed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on December 15, 2009. Petitioner challenges his convictions and sentences entered by the Thirteenth Judicial Circuit for Hillsborough County, Florida. After the Court carefully considered the parties' written submissions, the record, and the applicable law, the Court finds that the petition must be **DENIED.**

### BACKGROUND

     On April 26, 2000, the State filed a four-count Indictment charging Rosado and co-defendant Alfonso Concepcion with Robbery With a Firearm (count one) and Armed Kidnapping (counts two, three, and four). (Exhibit 1). On March 11, 2002, retained counsel Roberto Pesquera filed a notice of appearance for Rosado. (Exhibit 2). On May 23, 2003, Rosado appeared before the Honorable Daniel L. Perry, Circuit Judge, to enter a plea to the charges. (Exhibit 3: Change of Plea Transcript). Robert Power, Esquire,

represented Rosado, because Pesquera was suffering an illness. An interpreter was present for Rosado. Power announced that Rosado would enter a plea of guilty as charged. The terms of the guilty plea had been negotiated, including a guidelines sentence of 26.875 years imprisonment, to run concurrent with sentences Rosado was already serving. Rosado also agreed to give truthful testimony at the trial of any co-defendant. Rosado was sworn. The trial court then conducted a plea colloquy, and informed Rosado of the maximum penalties. The court asked Rosado if anyone promised him anything or threatened him in any way to induce him to enter a guilty plea other than the fact he was going to receive a sentence of 26.875 years incarceration. Rosado replied, "No."

The court told Rosado the rights he was waiving by entering the plea, and Rosado said he understood. Rosado denied he was under the influence of drugs other than those necessary to treat his HIV. Rosado admitted under oath that he had sufficient time to discuss the plea with his attorneys, Power and Pesquera, and Rosado was satisfied with their services. Power told the court Rosado was entering the plea with approval of counsel. The court found the plea was freely, voluntarily, knowingly, and intelligently entered.

The State then gave a factual basis for the crimes. Rosado was shown a photograph of the co-defendant, and then told the court that the co-defendant, Concepcion, was involved in the robbery and was a willing participant just as he and Macho were. Rosado signed a written change of plea form. (Exhibit 4). Immediately after accepting the plea, the court adjudicated Rosado guilty and sentenced him pursuant, to the plea agreement, to 26.875 years in prison, with the sentence to run concurrent with sentences already

imposed in three unrelated cases. (Exhibit 5).

On June 23, 2003, Rosado was granted a belated appeal by the Second District Court of Appeal. (Exhibit 6). John C. Fisher, the Assistant Public Defender assigned to represent Rosado on appeal, filed an *Anders* brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error. (Exhibit 7). Counsel invited the appellate court's attention to one issue for review: "Does appellant's case present any of the issues presented in Robinson?" Despite being allowed to file an additional pro se brief, Rosado elected not to do so. (Exhibit 8). The State then filed its answer brief, agreeing with counsel's statement that no meritorious grounds existed to support the appeal. (Exhibit 9). On June 3, 2005, in Case No. 2D03-2955, the appellate court filed an unwritten per curiam opinion affirming Rosado's conviction and sentence. (Exhibit 10). *Rosado v. State*, 905 So. 2d 136 (Fla. 2d DCA 2005). The mandate issued July 1, 2005. (Exhibit 11).

On August 5, 2004, during the direct appeal, Rosado's appellate counsel filed a motion to correct illegal sentence in the trial court pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure. (Exhibit 12). The motion was granted on August 20, 2004, to the extent that certain court costs were stricken from the judgment and an amended judgment was filed. (Exhibit 13).

On February 10, 2005, before the direct appeal was final, Rosado filed in the trial court a pro se Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court dismissed the motion on May 24, 2005. (Exhibit 14: Circuit Court Case Progress at p. 5). On September 7, 2005, Rosado filed a pleading entitled "-RESUBMITTED- MEMORANDUM OF LAW (IN SUPPORT OF MOTION

FOR POSTCONVICTION RELIEF...)" (Exhibit 15).

On September 19, 2005, Rosado filed the motion for postconviction relief itself. (Exhibit 16). The motion contained six allegations of ineffective assistance of trial counsel: (1) Counsel was ineffective for failure to investigate and interview alibi witnesses; (2) Counsel was ineffective for inducing plea by providing misinformation; (3) Counsel was ineffective for failure to conduct an adequate investigation and adequately prepare, causing Defendant to plead guilty; (4) Counsel was ineffective for failure to investigate Defendant's medical background and explore defenses or objections based on the fact that Defendant has AIDS/HIV; (5) Counsel was ineffective for: (a)failure to explain the consequences of Defendant's plea, and (b) failure to represent Defendant during plea negotiations; (6) Counsel was ineffective for failure to prepare a specific defense.

In an order dated February 6, 2007, the state trial court summarily denied ground six and directed the State to respond to grounds one, two, three, four, and five (a) and five (b). (Exhibit 17). The State filed its response on March 8, 2007, conceding that a hearing was necessary to address grounds three, four, and five (b) of the motion, but urging the court to summarily deny grounds one, two, and five (a). (Exhibit 18). Rosado filed a reply to the State's response. (Exhibit 19). On April 4, 2007, the court summarily denied ground two of the Rule 3.850 motion, and granted a hearing on grounds one, three, four, five (a) and five (b). (Exhibit 20).

An evidentiary hearing was held before the Honorable Anthony K. Black, Circuit Judge, on February 21, 2008. (Exhibit 21). Assistant Public Defender Robert MacTavish, Esquire, represented Rosado. The court heard testimony of trial attorneys, Ricardo

4

Pesquera, Esquire (telephonically) and Robert Power, Esquire, as well as Petitioner Rosado, and his brother, Rafael Rosado (telephonically). Rafael Rosado would have been a possible alibi witness. On March 14, 2008, the court issued a final order denying grounds one, three, four, and five (a) and (b). (Exhibit 22).

Rosado appealed the final order denying relief. (Exhibit 23). Rosado's appellate counsel, Assistant Public Defender Bruce Taylor, filed an initial brief. (Exhibit 24). The State filed an answer brief on or about October 29, 2008. (Exhibit 25). On October 30, 2008, unhappy with counsel's brief, Rosado filed a pro se motion to discharge counsel and proceed on appeal pro se. (Exhibit 26). The appellate court granted Rosado's motion to discharge counsel and directed Rosado to file an amended brief. (Exhibit 27). On December 4, 2008, Rosado filed his amended pro se initial brief (Exhibit 28), raising two issues: (1) Did the Postconviction Court err in summarily denying ground two of Appellant's 3.850 motion for postconviction relief? (2) Did the Postconviction Court err in denying postconviction relief after an evidentiary hearing on Appellant's grounds one, three and five (b)?

The State filed an amended answer brief in response to Rosado's pro se initial brief. (Exhibit 29). Rosado then filed a reply brief. (Exhibit 30). On October 9, 2009, in Case No. 2D08-1355, the appellate court per curiam affirmed the denial of the motion for postconviction relief. (Exhibit 31). *Rosado v. State*, 20 So. 3d 855 (Fla. 2d DCA 2009). Rosado filed a motion for rehearing (Exhibit 32), which the appellate court denied on November 6, 2009. (Exhibit 33). The mandate issued October 12, 2009. (Exhibit 34).

Rosado signed the § 2254 petition on December 13, 2009. (Doc. 1). The petition was filed in this Court on December 15, 2009.

## STANDARD OF REVIEW

### A. Antiterrorism and Effective Death Penalty Act (AEDPA)

This petition is governed by the Antiterrorism and Effective Death Penalty Act

("AEDPA") effective April 24, 1996. See *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA "establishes a more deferential standard of review of state habeas

judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent

federal habeas 'retrials' and to ensure that state-court convictions are given effect to the

extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); see also, *Bell v.*

*Cone*, 543 U.S. 447 (2005)(habeas court's standard for evaluating state-court ruling is

highly deferential, which demands that state-court decisions be given benefit of the

doubt)[citing 28 U.S.C.A. § 2254(d)]).

Pursuant to 28 U.S.C. § 2254: An application for a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless

the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding. "Clearly established Federal law" is the governing legal principle, not

the dicta, set forth by the United States Supreme Court at the time the state court issues

its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Where no Supreme Court

precedent is on point, or the precedent is ambiguous, it cannot be said that the state

court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Williams v. Taylor*, 529 U.S. 362 (2000). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Secy of Dept. of Corrections*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. at 141. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005). Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

## B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Id.* at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*,

474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 U.S. LEXIS 16985, 2008 WL 638261 at 1 (M.D. Fla., Mar 5, 2008)(citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Finally, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)

**DISCUSSION**

**Ground One**

Rosado contends his trial counsel, Ricardo Pesquera, was ineffective for failing to investigate and interview alibi witnesses. Specifically, Rosado alleges his brother and sister-in-law would provide testimony that Rosado was in Orange County, Florida, at the time the crimes were committed in Hillsborough County. This claim was raised in ground one of the postconviction motion, and was resolved after a full and fair evidentiary hearing at which both of Rosado's trial attorneys testified.

During the evidentiary hearing, Attorney Pesquera testified that after Rosado's cases in Orange County and Osceola County had been resolved and Rosado had been sentenced in those cases, Rosado instructed Pesquera that "he wished for all further proceedings to be negotiated and for [Pesquera] to obtain the best deals possible."

9

(Respondent's Exhibit 21: Evidentiary Hearing Transcript at p. 57). Pesquera added, "And the instructions that I received from Mr. Rosado was that in both Volusia cases and Hillsborough County, that [Rosado] did not wish to contest or fight it as we had tried to do in Orange and Osceola, but that he rather wanted to negotiate a plea as soon as possible so that he could begin serving his sentence because of his HIV status." Id. Rosado wanted to dispose of the Hillsborough (Tampa) case because he "was concerned about being transferred from county to county, his therapy being interrupted, and not receiving the proper medication." Id. at pp. 57-58. Pesquera wrote two letters to the State Attorney indicating that Rosado had instructed counsel to seek negotiations and that counsel was suggesting a plea. Id. at p. 58. Further Pesquera testified that neither Rosado nor his family members ever discussed an alibi defense in regard to the Tampa crimes. Id. at p. 62. Had Rosado wished to pursue an alibi defense, Pesquera would have looked into that possibility. Id.

The postconviction court, finding counsel's testimony credible, concluded that counsel had not been told by Rosado of the existence of a potential alibi defense regarding his brother and sister-in-law. The State Court's conclusion that counsel was not deficient for failing to investigate those witnesses is objectively reasonable and must be given deference by this Court. Rosado is not entitled to relief on Ground One.

**Ground Two**

Rosado claims his decision to plead guilty was induced by misinformation supplied by counsel. Specifically, he asserts counsel incorrectly informed him that if he testified in a trial, the State could inform the jury of the specific nature of his prior conviction, and the State could produce witnesses from the other robbery to testify against him.

10

Trial counsel was not deficient in advising Rosado because, under state law, specific evidence of the previous robbery would have been admissible at trial under Florida's *Williams* Rule. Under the *Williams* Rule, evidence of collateral crimes is admissible when relevant to prove a material fact in issue, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. Fla. Stat. § 90.404 (2010). In this case, *Williams* Rule evidence was admissible because it dealt with Rosado's motive, intent, knowledge, and identity. Accordingly, the state court's denial of Ground Two is objectively reasonable and is entitled to deference under the AEDPA. Ground Two does not warrant relief.

**Ground Three**

Rosado alleges his trial counsel was ineffective for failing to prepare for trial because counsel did not interview alibi witnesses or file a notice of alibi. Rosado raised the same claim in his motion for postconviction relief, and the claim was addressed at the evidentiary hearing.

As in Ground One, the postconviction court found trial counsel's testimony credible. This finding is entitled to deference by this Court. The federal courts are in accord with the principle that the fact-finder's credibility determinations are not to be disturbed. Even where there is some conflict in the evidence, credibility determinations are within the province of the fact-finder. See *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985). In *Brown v. Secretary, Dept. of Corrections*, 2009 WL 4349320 (M.D. Fla. Nov. 29, 2009), this Court reiterated that the state court's credibility findings are binding on the federal courts in a § 2254 proceeding.

In this case, the credible testimony of trial counsel supported the denial of relief. At the evidentiary hearing, counsel explained that he had an ongoing representation of Rosado and that, as Rosado had already been convicted in other counties and faced prison time, Rosado was eager to resolve the instant charges so that he could begin serving his sentences concurrently and receive HIV treatment in prison.

The credible testimony at the state hearing clearly established that Rosado never intended or desired to proceed to trial in the case at issue. (Respondent's Exhibit 21: Evidentiary Hearing Transcript at p. 57-58). Rather, he wanted to negotiate the best plea agreement possible, and that is the course defense counsel pursued. Rosado is not entitled to relief on Ground Three.

**Ground Four**

Rosado asserts Attorney Power failed to explain the consequences of a plea of guilty. Rosado raised these same allegations in ground five (a) and five (b) of the Rule 3.850 motion. The state court conducted a hearing to resolve this claim.

Attorney Power, who represented Rosado at the time he entered his plea, gave credible testimony at the evidentiary hearing that he had gone over all the terms of the plea agreement with Rosado, especially the requirement that Rosado would have to provide testimony against his co-defendant if he entered the plea. Rosado entered his plea voluntarily and knowingly, without coercion. Therefore, the state court's denial of ground five (a) and (b) was not contrary to, nor an unreasonable application of, Supreme Court precedent. Ground Four does not warrant relief.

**Reply**

Rosado alleges that this Court cannot rely on the credibility of the state

12

postconviction court's findings because the transcript of the first evidentiary hearing was either lost or destroyed. Rosado argues that during the first evidentiary hearing, Pesquera offered sworn testimony that Rosado, "may have told him to call his witnesses for an alibi, but that he didn't recall why he didn't."

The loss of the transcript from the first evidentiary hearing does not have any bearing on the present case. The state trial court held a second evidentiary hearing. This Court relies on the findings of the second evidentiary hearing. At that hearing, Pesquera testified he was never instructed by Rosado to contact any alibi witness, but instead was to seek the best deal possible to resolve the case. (Respondent's Exhibit 21: Evidentiary Hearing Transcript at p. 57). The state court deemed this testimony credible.

At the evidentiary hearing, Attorney Power testified that he was at the plea hearing to represent Rosado and was able to do so properly. When Power stated: "I really can't be of counsel to him today," Power was confused as to whether the court would allow a plea of no contest. *Id.* at 27-28. Once Power was aware that such a plea was not allowed, this confusion was clarified. Powers then testified: "now I could be effective." *Id.* at 28. Power fully explained to Rosado the consequences of pleading guilty and the details of the plea agreement.

At no time during any proceeding did Pesquera, Power or the court feel that Rosado did not intend to freely, voluntarily, knowingly, and intelligently enter a plea. Rosado was afforded an interpreter, and Power testified that he translated the plea agreement into Spanish for Rosado. *Id.* at 30. There is no evidence that Rosado did not understand or intend to enter the plea agreement.

Accordingly, this Court orders:

13

That Rosado's petition for writ of habeas corpus (Doc. 1) is denied. The Clerk is directed to enter judgment against Rosado and to close the case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further,' " *Miller-El v. Crockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 462 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in chambers at Tampa, Florida, on this 19th day of July 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

14

Copies To: All Parties and Counsel of Record